IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| ROBERT BUSH, | ) | |
| Plaintiff, | ) ) ) | Civil Action No. 23-cv-03386-LKG |
| v. | ) ) | Dated:  November 14, 2025 |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, | ) ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM OPINION**

## I.  INTRODUCTION

In this civil action, the Plaintiff, Robert Bush, brings a claim for negligence against the Defendant, the Washington Metropolitan Area Transit Authority ("WMATA"), arising from the Plaintiff's collision with a WMATA MetroBus on April 11, 2022.  ECF No. 34-1 at 1-2 (Complaint).  The parties have filed cross-motions for summary judgment on this claim.  ECF Nos. 27, 30 and 30-1.  The parties' cross-motions are fully briefed.  ECF Nos. 27, 30, 30-1, 31, 32 and 33.  No hearing is necessary to resolve the motion.  L.R. 105.6 (D. Md. 2025).  For the reasons that follow, the Court: (1) **DENIES** the Plaintiff's motion for summary judgment (ECF No. 27); (2) **GRANTS** the Defendant's cross-motion for summary judgment (ECF No. 30); (3) **ENTERS JUDGMENT** summarily in favor of the Defendant with regards to the Plaintiff's negligence claim; and (4) **DISMISSES** the complaint.

## II.  FACTS AND PROCEDURAL BACKGROUND[1]

### A.  Factual Background

In this civil action, the Plaintiff brings a negligence claim against the Defendant arising from his collision with a WMATA MetroBus, while he was riding an electric bicycle and travelling through a crosswalk, on April 11, 2022.  *See generally*, ECF No. 34-1 at 1 ¶¶ 1-6 (Complaint); *see also* ECF No. 34-1 at 23 and 34 (Transcript Of Plaintiff's Deposition at 21:7-11

---

[1] The facts recited in this memorandum opinion are taken from the joint record submitted by the parties in support of their cross-motions for summary judgment, the cross-motions for summary judgment, and the responses in opposition thereto.  ECF Nos. 27, 30, 30-1, 31, 32 and 34-1.

and 32:20-22). In the complaint, the Plaintiff alleges that the driver of the WMATA MetroBus breached his duty to the Plaintiff, by failing "to pay full time and attention to his driving, [failing] to keep a proper lookout, [making] an unsafe turn, [making] an improper lane change, [failing] to keep his motor vehicle in its proper lane of travel, [failing] to yield the right of way, and [driving] the [MetroBus] in a negligent, reckless, and careless manner, all in violation of the motor vehicle rules and regulations of the State of Maryland." *Id*. at 1 at ¶ 5. The Plaintiff also alleges that he was injured as a direct and proximate result of the WMATA MetroBus driver's actions. *Id*. at ¶ 6. And so, the Plaintiff seeks, among other things, to recover monetary damages, punitive damages, post-judgment interest and costs from WMATA. *Id*. at Prayer for Relief.

## The Parties

The Plaintiff is a Maryland resident. *Id.* at 1.

Defendant WMATA provides transportation services in the Washington, D.C. metropolitan area and it is the employer of Andre Williams, the driver of the MetroBus at issue in this dispute. *Id*.

## The April 11, 2022, Incident

This dispute arises from a collision between the Plaintiff and a WMATA MetroBus that occurred on April 11, 2022, in Prince George's County, Maryland (the "April 11, 2022, Incident"). ECF No. 34-1 at 1 (Complaint); ECF No. 34-1 at 102-108 (Def. Ex. 7, Transit Police Event Report). At the time of the April 11, 2022, Incident, the Plaintiff was 43 years old and he was riding on an electric bicycle. ECF No. 34-1 at 1-2 (Complaint); ECF No. 34-1 at 23 (Def. Ex. 2, Pl. Dep. Tr. at 21:7-11); ECF No. 34-1 at 97 (Def. Ex. 4, Bus Camera 6, 7037_06_CSR_Curbside Rearward, at 14:52:54 to 14:53:05); ECF No. 34-1 at 91 (Def. Ex. 2, Plaintiff's Answers to Defendant's Interrogatories, "Pl. Answ." at 1).

It is undisputed that, on April 11, 2022, at approximately 2:50 p.m., Metrobus 7037 (the "MetroBus") was travelling on route P12 near the Suitland Metro Station. ECF No. 34-1 at 97 (Def. Ex. 4, Bus Camera 1, 7037_01_FF_Forward Facing, at 14:50:00); ECF No. 34-1 at 107 (Def. Ex. 7, Transit Police Event Report). It is also undisputed that the MetroBus executed a right turn into the crosswalk on Metro Road (the "Crosswalk") at 2:53:04 pm. ECF No. 34-1 at 107 (Def. Ex. 7, Transit Police Event Report); ECF No. 34-1 at 97 (Def. Ex. 4, Bus Camera 6, 7037_06_CSR_Curbside Rearward, at 14:53:04).

The parties agree that the Plaintiff was riding his electric bicycle on a sidewalk on April 11, 2022, at 2:52:54 pm, immediately before he entered the Crosswalk and made impact with the MetroBus. ECF No. 34-1 at 34 (Def. Ex. 2, Pl. Dep. Tr. at 32:20-22); ECF No. 34-1 at 97 (Def Ex. 4, Bus Camera 6, 7037_06_CSR_Curbside Rearward, at 14:52:54 to 14:53:05). The parties also agree that the MetroBus entered the Crosswalk before the Plaintiff did so while riding his electric bicycle. ECF No. 34-1 at 51-52 (Def. Ex. 2, Pl. Dep. Tr. at 49:11-50:1); ECF No. 34-1 at 97 (Def. Ex. 4, Bus Camera 6, 7037_06_CSR_Curbside Rearward, at 14:53:04).

The undisputed video footage of the April 11, 2022, Incident shows that the Plaintiff made impact with the side of the MetroBus at 3:53:05 pm.[2] ECF No. 34-1 at 52 (Def. Ex. 2, Pl. Dep. Tr. at 50:2-8); ECF No. 34-1 at 97 (Def Ex. 4, Bus Camera 6, 7037_06_CSR_Curbside Rearward, at 14:53:05). This video footage also shows that, prior to making impact with the side of the MetroBus, the Plaintiff rode alongside the MetroBus for approximately 11 seconds. ECF No. 34-1 at 97 (Def Ex. 4, Bus Camera 6, 7037_06_CSR_Curbside Rearward, at 14:52:54-14:53:05).

In addition, the video evidence shows that a yellow diamond-shaped pedestrian crossing sign with the words "Across Ramp" was located a few feet before the start of the Crosswalk. ECF No. 34-1 at 97 (Def. Ex. 4, Bus Camera 1, 7037_01_FF_Forward Facing, at 14:52:45-56). The video evidence also shows that two yellow diamond-shaped pedestrian crossing signs with arrows pointing to the Crosswalk were also located on either side of the Crosswalk during the April 11, 2022, Incident. ECF No. 34-1 at 97 (Def. Ex. 4, Bus Camera 1, 7037_01_FF_Forward Facing, at 14:53:00). The video evidence also shows that there was no flashing crosswalk sign for the Crosswalk where the April 11, 2022, Incident occurred. ECF No. 34-1 at 97 (Def. Ex. 4, Bus Camera 1, 7037_01_FF_Forward Facing, at 14:53:01- 14:53:05); ECF No. 34-1 at 65 (Def. Ex. 2, Pl. Dep. Tr. at 63:12-21).

It is undisputed that the Plaintiff was not wearing a helmet and that he could see clearly at the time of the April 11, 2022, Incident. ECF No. 34-1 at 40 (Def. Ex. 2, Pl. Dep. Tr. at 38:11-12); ECF No. 34-1 at 40 (Def. Ex. 2, Pl. Dep. Tr. at 38:13-22); ECF No. 27 at ¶¶ 8-9. It is undisputed that the Plaintiff did not have any problems with the steering on the electric bicycle at

---

[2] During his deposition, the Plaintiff testified that the video evidence constitutes true depictions of the April 11, 2022, Incident. ECF No. 34-1 at 53-54 (Def. Ex. 2, Pl. Dep. Tr. at 51:9-52:2).

3

the time of the Incident.  ECF No. 34-1 at 41 (Def. Ex. 2, Pl. Dep. Tr. at 39:1-4); ECF No. 27 at ¶ 10.

With regard to the MetroBus driver, the parties also agree that Mr. Williams was not having any issues with his eyesight and that there was nothing blocking his vision of the road during the April 11, 2022, Incident.  ECF No. 34-1 at 137 (Pl. Ex. 1, Williams Dep. Tr. at 27:11-16).  It is also undisputed that Mr. Williams did not experience any problems with the steering or breaks of the MetroBus during the April 11, 2022, Incident.  ECF No. 34 at 137-138 (Pl. Ex. 1, Williams Dep. Tr. at 27:19-22-28:2).

The Parties' Claims

The Plaintiff maintains in this case that Mr. Williams owed him a duty to operate the MetroBus without negligence and due regard for the laws of Maryland, and breached that duty during the April 11, 2022, Incident, because he did not slow the MetroBus down as the vehicle approached the Crosswalk, and he failed to look to the right before initiating a right-hand turn.  ECF No. 27 at 4.  The Plaintiff also maintains that he had a statutory right of way while in the Crosswalk under Md. Code Ann., Transp. § 21-502(a)(2)(i) and that Mr. Williams "failed to yield to [him] while was lawfully in the crosswalk." *Id*. at 4-5.

Given this, the Plaintiff alleges that he sustained injuries to his neck, back and left shoulder as a result of Mr. Williams' alleged negligence.  ECF No. 34-1 at 1-2 (Complaint); ECF No. 34-1 at 92 (Def. Ex. 3, Pl. Answ. at 2).  And so, the Plaintiff seeks to recover, among other things, monetary damages and punitive damages from the Defendant.  *See* ECF No. 34-1 at 2 (Complaint).

The Defendant maintains that Mr. Williams was not negligent when he executed a right-hand turn of the MetroBus during the April 11, 2022, Incident and that the Plaintiff was required to, and failed to, obey pedestrian laws when he entered the Crosswalk.  *See* ECF No. 32 at 7-8.  To support this position, the Defendant argues that the Plaintiff admitted during his deposition that the MetroBus entered the Crosswalk before he did so.  *Id*. at 4 (citing ECF No. 34-1 at 51-52 (Def. Ex. 2, Pl. Dep. Tr. at 49:11-50:1)).

Given this, the Defendant contends that the MetroBus had the right of way at the time of the April 11, 2022, Incident.  *Id*. at 3-7.  And so, the Defendant also contends that the undisputed material facts in this case show that: (1) the Plaintiff has no evidence to show that Mr. Williams

was negligent; (2) the Plaintiff was contributorily negligent; and (3) the Plaintiff assumed the risk of his injuries. *See* ECF No. 30-1.

### B. Procedural History

The Plaintiff commenced this matter in the Circuit Court for Prince George's County, Maryland. *See* ECF No. 1. On December 14, 2023, the Defendant removed this case to this Court. *Id*.

On March 14, 2025, the Plaintiff filed a motion for summary judgment. ECF No. 27. On March 14, 2025, the Defendant filed a cross-motion for summary judgment. ECF No. 30.

On March 27, 2025, the Plaintiff filed a response in opposition to the Defendant's cross-motion for summary judgment. ECF No. 31. On March 31, 2025, the Defendant filed a response in opposition to the Plaintiff's motion for summary judgment. ECF No. 32.

On April 14, 2025, the Defendant filed a reply brief. ECF No. 33.

The parties' cross-motions for summary judgment having been fully briefed, the Court resolves the pending motions.

## III. LEGAL STANDARDS

### A. Fed. R. Civ. P. 56

A motion for summary judgment filed pursuant to Fed. R. Civ. P. 56 will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). And so, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979).

When ruling on a motion for summary judgment, the Court must construe the facts alleged in the light most favorable to the party opposing the motion. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Gill v. Rollins Protective Servs. Co.*, 773 F.2d 592, 595 (4th Cir. 1985). In this regard, the moving party bears the burden of showing that there is no genuine issue as to any material fact and that the party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Catawba Indian Tribe of S.C. v. State of S.C.*, 978 F.2d 1334, 1339 (4th Cir. 1992), *cert. denied*, 507 U.S. 972 (1993). But, a party who bears the burden of proof on a

particular claim must also factually support each element of his or her claim. *See Celotex Corp.*, 477 U.S. at 322-23.

Given this, "a complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Id.* at 323. And so, on those issues on which the nonmoving party will have the burden of proof, it is the nonmoving party's responsibility to confront the motion for summary judgment with an affidavit or other similar evidence to show the existence of a genuine issue for trial. *See Anderson*, 477 U.S. at 256. When faced with cross-motions for summary judgment, the Court must review each motion separately on its own merits "to determine whether either of the parties deserves judgment as a matter of law." *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003) (citation omitted).[3]

**B. Negligence Claims**

To prevail on negligence claims under Maryland law, a plaintiff must prove: "(1) that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the plaintiff suffered actual loss or injury, and (4) that the loss or injury proximately resulted from the defendant's breach of the duty." *Todd v. Mass Transit Admin.*, 816 A.2d 930, 933 (Md. 2003); *see also Scott v. Watson*, 359 A.2d 548, 552 (Md. 1976). Whether a plaintiff has presented sufficient evidence of the elements of negligence is generally a question for the fact finder, but the existence of a legal duty is a question of law to be decided by the Court. *See Corinaldi v. Columbia Courtyard, Inc.*, 873 A.2d 483, 489 (Md. Ct. Spec. App. 2005). In determining the existence of a duty, the Court considers, among other things:

> The foreseeability of harm to the plaintiff, the degree of certainty that the plaintiff suffered the injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, the policy of preventing future harm, the extent of the burden to the defendant and consequences to the community of imposing a duty to exercise care with resulting liability

---

[3] The Supreme Court has held that, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). And so, when the record evidence includes video footage that is not open to more than one interpretation, the Court may rely upon this evidence and should "view[] the facts in the light depicted by the videotape." *Id.* at 381; *see also Glascoe v. Sowers*, No. ELH–11–2228, 2013 WL 5330503, at *5 (D. Md. Sept. 20, 2013) (when a videotape "clearly depict the events at issue, they will prevail over contrary evidence submitted by either side").

6

    for breach, and the availability, cost and prevalence of insurance for the
    risk involved.

*See id.* (citations omitted).

    Relevant to the pending cross-motions, Maryland law provides that "[t]he driver of a vehicle shall come to a stop when a pedestrian crossing the roadway in a crosswalk is: (i) On the half of the roadway on which the vehicle is traveling; or (ii) Approaching from an adjacent lane on the other half of the roadway." Md. Code Ann., Transp. § 21-502(a)(2). Maryland law also provides that, "[e]xcept for special pedestrian signals that carry a legend, where traffic is controlled by traffic control signals that show different colored lights or colored lighted arrows . . . [a] vehicle turning right or left, shall yield the right-of-way to any other vehicle and any pedestrian lawfully within the intersection or an adjacent crosswalk when the signal is shown." *Id.* § 21-202(a)-(c).

## IV. ANALYSIS

    The parties have filed cross-motions for summary judgment on the Plaintiff's negligence claim. ECF Nos. 27, 30 and 30-1. In his motion for summary judgment, the Plaintiff argues that the undisputed material facts in this case show that Mr. Williams owed, and breached, a duty to him to yield the right-of-way before entering the Crosswalk, proximately causing the Plaintiff's injuries. ECF No. 27 at 4. And so, the Plaintiff requests that the Court grant his motion for summary judgment and enter summary judgment in his favor on his negligence claim. *See id*.

    The Defendant counters that the undisputed material facts in this case show that: (1) Mr. Williams was not negligent during the April 11, 2022, Incident, because he had the right-of-way upon entering the Crosswalk; (2) the Plaintiff was contributorily negligent; and (3) the Plaintiff assumed the risk of his injuries. ECF Nos. 30-1 and 32. And so, the Defendant requests that the Court deny the Plaintiff's motion for summary judgment and grant its cross-motion for summary judgment. *See* ECF No. 30-1 at 13; ECF No. 32 at 11.

    For the reasons that follow, the undisputed material facts in this case show that the MetroBus entered the Crosswalk before the Plaintiff during the April 11, 2022, Incident, the Plaintiff was not in the Crosswalk when the Metrobus began its turn into the Crosswalk and there was no lighted traffic signal at the Crosswalk. Given this, the MetroBus had the right-of-way under Maryland law during the April 11, 2022, Incident, and Mr. Williams owed no duty to the Plaintiff to "come to a stop" or to "yield the right-of-way" to the Plaintiff. And so, the Court: (1)

7

DENIES the Plaintiff's motion for summary judgment (ECF No. 27); (2) GRANTS the Defendant's cross-motion for summary judgment (ECF No. 30); (3) ENTERS JUDGMENT summarily in favor of the Defendant with regards to the Plaintiff's negligence claim; and (4) DISMISSES the complaint.

### A. The Undisputed Material Facts Show That Mr. Wiliams Owed No Duty To Stop Or Yield To The Plaintiff Upon Entering The Crosswalk

As an initial matter, the undisputed material facts show that the Plaintiff cannot prevail on his negligence claim, because the driver of the MetroBus had no duty to come to a stop or to yield to the Plaintiff upon entering the Crosswalk. To prevail on his negligence claim, the Plaintiff must prove that: "(1) that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the plaintiff suffered actual loss or injury, and (4) that the loss or injury proximately resulted from the defendant's breach of the duty." *Todd*, 816 A.2d at 933; *see also Scott*, 359 A.2d at 552. Whether a plaintiff has presented sufficient evidence of the elements of negligence is generally a question for the fact finder, but the existence of a legal duty is a question of law to be decided by the Court. *See Corinaldi*, 873 A.2d at 489.

With regard to whether there is a duty owed the Plaintiff in this case, Maryland law provides that "[t]he driver of a vehicle shall come to a stop when a pedestrian crossing the roadway in a crosswalk is: (i) On the half of the roadway on which the vehicle is traveling; or (ii) Approaching from an adjacent lane on the other half of the roadway." Md. Code Ann., Transp. § 21-502(a)(2). Maryland law also provides that, "[e]xcept for special pedestrian signals that carry a legend, where traffic is controlled by traffic control signals that show different colored lights or colored lighted arrows . . . [a] vehicle turning right or left, shall yield the right-of-way to any other vehicle and any pedestrian lawfully within the intersection or an adjacent crosswalk when the signal is shown." *Id.* § 21-202(a)-(c). And so, these laws create a duty on a driver to come to a stop and/or to yield the right-of-way to another vehicle or pedestrian that is already lawfully within a crosswalk. *Id.* §§ 21-202(a)-(c) and 21-502(a)(2).

In this case, the Plaintiff relies on upon Md. Code Ann., Transp. §§ 21-502(a)(2) and 21-202(a)-(c) to show that the Defendant owed and breached a duty to him during the April 11, 2022, Incident. *See* ECF No. 27 at 4. But, the undisputed material facts show that no such duty arose under Maryland law, because the MetroBus entered the Crosswalk before the Plaintiff

during the April 11, 2022, Incident; the Plaintiff was not in the Crosswalk when the MetroBus initiated its turn; and there are no lighted traffic signals at the Crosswalk. ECF No. 34-1 at 97 (Def. Ex. 4, Bus Camera 6, 7037_06_CSR_Curbside Rearward, at 14:52:54-14:53:05); ECF No. 34-1 at 51-52 **(**Def. Ex. 2, Pl. Dep. Tr. at 49:11-50:1).

Given these facts, Mr. Williams did not owe a duty to the Plaintiff under Section 21-502(a)(2). As discussed above, Section 21-502(a)(2) provides, "[t]he driver of a vehicle shall come to a stop when a pedestrian crossing the roadway in a crosswalk is: (i) On the half of the roadway on which the vehicle is traveling; or (ii) Approaching from an adjacent lane on the other half of the roadway." Md. Code Ann., Transp. § 21-502(a)(2). The Court reads this law to create a duty to come to a stop when a pedestrian crossing the roadway in a crosswalk is either on the half of the roadway on which the vehicle is traveling, or when the pedestrian is approaching from an adjacent lane on the other half of the roadway. *See id*. But in this case, the undisputed video evidence of the April 11, 2022, Incident makes clear that the Plaintiff was not crossing the roadway in the Crosswalk when Mr. Williams initiated the right turn. ECF No. 34-1 at 97 (Def. Ex. 4, Bus Camera 6, 7037_06_CSR_Curbside Rearward, at 14:53:04); *see Scott*, 550 U.S. at 380 (holding that courts can rely on video evidence rather than "visible fiction" and should "view[] the facts in the light depicted by the videotape"). Rather, the Plaintiff was still on the sidewalk at that time, and the video evidence shows that Mr. Williams had nearly completed his turn by the time the Plaintiff entered the Crosswalk, resulting in the Plaintiff making contact with the rear left side of the MetroBus. ECF No. 34-1 at 97 (Def Ex. 4, Bus Camera 6, 7037_06_CSR_Curbside Rearward, at 14:53:05). Given this, the undisputed material facts show that Mr. Williams did not owe the Plaintiff a duty to come to a stop under Section 21-502(a)(2).

The undisputed material facts also show that Mr. Williams did not owe a duty to yield to the Plaintiff under Section 21-202(a)-(c) during the April 11, 2022, Incident for two reasons. First, this law does not apply to the facts of this case, because Section 21-202(a)-(c) only applies to crosswalks located at intersections where there are lighted traffic signals. Md. Code Ann., Transp. § 21-202(a)-(c). The undisputed video evidence in this case shows that there were no such lighted traffic signals located at the Crosswalk during the April 11, 2022, Incident. ECF No. 34-1 at 97 (Def. Ex. 4, Bus Camera 1, 7037_01_FF_Forward Facing, at 14:53:00- 14:53:05). Second, even if this statute applied to the facts of this case, the undisputed video evidence makes clear that the Plaintiff was not "lawfully within the intersection or an adjacent crosswalk" when

9

Mr. Williams initiated the right turn. Md. Code Ann., Transp. § 21-202(a)-(c); ECF No. 34-1 at 97 (Def. Ex. 4, Bus Camera 6, 7037_06_CSR_Curbside Rearward, at 14:53:04-14:53:05). Given this, the Plaintiff did not have the right-of-way and Mr. Williams owed no duty to the Plaintiff to yield under Section 21-202(a)-(c).

For the above reasons, the Plaintiff cannot establish that the Defendant owed him a duty to stop or yield during the April 11, 2022, Incident. Given this, the Plaintiff cannot satisfy the first element of his negligence claim.[4] And so, the Court holds that the MetroBus driver did not owe a duty to the Plaintiff and will grant the Defendant's cross-motion for summary judgment upon this ground. Fed. R. Civ. P. 56.[5]

## V.   CONCLUSION

For the foregoing reasons the Court:

(1) **DENIES** the Plaintiff's motion for summary judgment (ECF No. 27);

(2) **GRANTS** the Defendant's cross-motion for summary judgment (ECF No. 30);

(3) **ENTERS JUDGMENT** summarily in favor of the Defendant with regards to the Plaintiff's negligence claim; and

(4) **DISMISSES** the complaint.

A separate Order shall issue.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge

---

[4] For similar reasons, the undisputed material facts show that the Plaintiff cannot establish that the Defendant breached any duty owed under Sections 21-502(a)(2) and 21-202(a)-(c).

[5] Because the Court concludes that Mr. Williams did not owe a duty to the Plaintiff in the April 11, 2022, Incident, the Court does not reach the other arguments raised by the parties in their cross-motions for summary judgment.